Derry Township School District, Petitioner *v.* Commonwealth of Pennsylvania, State Board of Education and Harrisburg Area Community College, Respondents.

Argued December 17, 1981, before Judges MENCER, BLATT and MacPHAIL, sitting as a panel of three.

*Kent H. Patterson, Cleckner and Fearen,* for petitioner.

*Nancy K. Matlowski,* with her *Michael A. Davis,* for respondent, Pennsylvania State Board of Education.

*Harvey Freedenberg,* with him *Francis B. Haas, Jr., McNees, Wallace & Nurick,* for respondent, Harrisburg Area Community College.

Opinion by Judge Mencer, March 5, 1982:

This is an appeal by Derry Township School District (Derry) from an order of the State Board of Education (Board) denying Derry's petition for approval to withdraw as a member of a local sponsor of Harrisburg Area Community College (HACC). We affirm.

HACC was established in 1964, pursuant to the provisions of the Community College Act of 1963 (Act), Act of August 24, 1963, P.L. 1132, *as amended*, 24 P.S. §§5201-5214, upon the Board's approval of a revised application submitted on behalf of 49 school districts. Because of school district consolidations, the number of members of the local sponsor is now 22 school districts.[1] Derry has been a member of the local sponsor since HACC was formed in 1964.

As a member of a local sponsor, Derry is responsible for the payment of a portion of the operating expenses of HACC, in accordance with the formula established in the Act. Citing increased budgetary costs and declining enrollment in the school district, Derry filed a petition for approval to withdraw as a member of a local sponsor, in order to relieve itself of this financial obligation to HACC. The Board denied Derry's petition, and this appeal followed.

The power of the Board to deny Derry's petition is derived from Section 11 of the Act, 24 P.S. §5211, which provides: "No school district or municipality

---

[1] The Act defines a local sponsor as "a school district or a municipality or a county board of school directors or any combination of school districts, municipalities or county boards of school directors which participate or propose to participate in the establishment and operation of a community college." Section 2(2) of the Act, 24 P.S. §5202(2). The Act defines a member of a local sponsor as "any school district or municipality which alone is or with other districts and municipalities is included in a local sponsor." Section 2(3) of the Act. 24 P.S. §5202(3).

which is a local sponsor or a part of a local sponsor may withdraw its sponsorship from a community college nor may any community college be disestablished without the approval of the State Board of Education." Derry argues that this provision constitutes an unconstitutional delegation of legislative power to the Board, by failing to provide sufficient standards to guide the Board's discretion.

The rule regarding nondelegation of legislative power is premised upon Article II, Section 1 of the Constitution of Pennsylvania, which vests the legislative power of the Commonwealth in the General Assembly. As a corollary to Article II, Section 1, the nondelegation principle requires that the basic policy choices involved in legislative power actually be made by the legislature, as constitutionally mandated. *Chartiers Valley Joint Schools v. Allegheny County Board*, 418 Pa. 520, 211 A.2d 487 (1965). "More specifically, the rule demands that, when the Legislature delegates policymaking discretion to administrative agencies, it must make the 'basic policy choices' which will serve as standards to guide and restrain the exercise of discretion." *Tosto v. Pennsylvania Nursing Home Loan Agency*, 460 Pa. 1, 11, 331 A.2d 198, 202-03 (1975).

Upon reviewing the Act in its entirety, we conclude that the legislature has made the basic policy choices necessary to guide the Board's discretion. The Act's primary purpose is to establish and maintain a statewide system of community colleges, supported in part by local school districts and municipalities. In making discretionary decisions pursuant to the Act, the Board must seek to effectuate this basic policy. *See Tosto; Water & Power Resources Board v. Green Springs Co.*, 394 Pa. 1, 145 A.2d 178 (1958).

Furthermore, several provisions of the Act contain specific guidelines that limit the Board's discretion. For instance, in deciding whether to approve a local spon-

sor's proposed plan for the establishment of a community college, the Board is required to "consider the needs of areas adjacent to the areas to be served by the community college, and of the State with respect to higher education and long range plans therefor established by the State Board of Education." Section 3(c) of the Act, 24 P.S. §5203(c). In addition, the Board may not approve a plan for the creation of a community college unless it "determines that the local sponsor has a population of a sufficient number to assure a sustained minimum enrollment, has sufficient wealth to financially support such college and is not adequately served by established institutions of higher learning." Section 3(d) of the Act, 24 P.S. §5203(d). Certainly, these "policy choices" provide sufficient standards to guide and restrain administrative policy making.

Citing Section 3(a)(1) of the Act, 24 P.S. §5203(a)(1), Derry next argues that the Board is required to approve the request for withdrawal of sponsorship because it failed to promulgate the required regulations and guidelines. Section 3(a)(1) provides as follows:

(a) The State Board of Education shall have the power, and its duty shall be:

(1) To adopt such policies, standards, rules and regulations formulated by the Council of Higher Education, *as may be necessary* to provide for the establishment, operation and maintenance of community colleges, including minimum requirements for physical facilities and equipment, curriculum, faculty, standards and professional requirements, qualifications for admission and advancement of students, student enrollment, student population of the area to be served by the community college, requirements for satisfactory completion of a two-

year program and the degrees or diplomas or certificates to be awarded therefor, means of financing and financial resources for the establishment and support of the community college, and all matters necessary to effectuate the purposes of this act.

(Emphasis added.) While the promulgation of regulations might help to clarify the requirements necessary for withdrawal of sponsorship, we cannot agree with Derry that Section 3(a)(1) *mandates* the Board to issue such regulations. Nor do we agree that Derry was deprived of notice of the standards it would have to meet to secure Board approval of its petition to withdraw, since the Board has issued prior adjudications on similar requests, which should serve as guidelines for later petitioners seeking to withdraw sponsorship.

Derry also maintains that the Board is required to grant approval to the withdrawal request because the Derry Township School Board did not abuse its discretion in seeking to withdraw its sponsorship. Under Derry's view, the Board's only function in this case was to sit as a reviewing body of the local school board's decision. We find no merit in this argument. Section 11 of the Act, 24 P.S. §5211, specifically empowers the Board to determine whether a school district should be permitted to withdraw sponsorship, and the Act contains no provision that limits the authority of the Board to that of a reviewing body.

Finally, we reject Derry's contention that the Board's decision is contrary to the law and not supported by substantial evidence. The record contains ample evidence to support the Board's conclusion that Derry remains financially able to continue its support of HACC.[2]

---

[2] The Board's findings, which are supported by substantial evidence, indicate that, (1) based upon the projected 1980-81 school

194

Accordingly, we enter the following

ORDER

AND NOW, this 5th day of March, 1982, the order of the State Board of Education, dated November 13, 1980, dismissing the petition of Derry Township School District to withdraw as a member of the local sponsor of Harrisburg Area Community College, is affirmed.

Judge PALLADINO did not participate in the decision in this case.

---

budget of $7 million, the percentage of the total Derry budget paid to HACC for tuition support in 1980-81 will be approximately 1.2 percent, (2) Derry's millage rate of 36.7 is the third lowest among Dauphin County school districts for 1979-80, (3) Derry's projected deficit of $2,600,000 by the 1985-86 school year is premised upon the maintenance of a constant rate of taxation, and (4) for purposes of state subsidy, Derry is considered to be a wealthy district due to its low market value/income aid ratio, which is an indicator of wealth.